# IN THE UNITED STATES COURT OF APPEALS
## FOR THE D.C. CIRCUIT

STATE of TEXAS, et al.,

*Petitioners*,

v.

ENVIRONMENTAL PROTECTION AGENCY, et al.,

*Respondents*

AGENCY ENERGY UNITED, et al.,

*Intervenors*.

Case No. 22-1031, and consolidated cases

## PRIVATE PETITIONERS' MOTION
## TO HOLD CASE IN ABEYANCE

Private petitioners in *Texas* v. *EPA*, No. 22-1031, and consolidated cases respectfully move to have these consolidated cases held in abeyance.[1]  State petitioners do not oppose this motion.

1.  Petitioners seek review of a final rule promulgated by the Environmental Protection Agency titled *Revised 2023 and Later Model Year*

---

[1] This motion is made on behalf of petitioners in Nos. 22-1033 (The Illinois Soybean Association, et al.), 22-1034 (American Fuel & Petrochemical Manufacturers), and 22-1036 (Clean Fuels Development Coalition, et al.). Petitioners in No. 22-1032 (Competitive Enterprise Institute, et al.) oppose this motion.

*Light-Duty Vehicle Greenhouse Gas Emissions Standards*. 86 Fed. Reg. 74,434 (Dec. 30, 2021). That rule sets greenhouse-gas emission standards for light duty-vehicles for model years beginning with 2023. *Id.* As petitioners have explained, these standards are, in fact, so stringent that they effectively mandate the production of electric vehicles nationwide. Private Pet. Br. 21-36. EPA lacks authority under the Clean Air Act to electrify the nation's vehicle fleet. Private Pet. Br. 36-61.

Briefing was completed on April 27, 2023, and oral argument was held on September 14, 2023. The parties submitted supplemental briefs at the court's request in August 2024.

2. Following a change in administration, President Trump signed Executive Order 14,154, Unleashing American Energy, 90 Fed. Reg. 8,353 (Jan. 20, 2025). That order announces the President's policy of:

> "eliminat[ing] the 'electric vehicle (EV) mandate' and promot[ing] true consumer choice, which is essential for economic growth and innovation, by removing regulatory barriers to motor vehicle access; by ensuring a level regulatory playing field for consumer choice in vehicles; . . . and by considering the elimination of unfair subsidies and other ill-conceived government-imposed market distortions that favor EVs over other technologies and effectively mandate their purchase by individuals, private businesses, and government entities alike . . . ."

*Id.* at 8,353.  To meet that policy goal, the Executive Order directs agency heads to "review all existing regulations . . . to identify those agency actions that impose an undue burden on the identification, development, or use of domestic energy resources . . . including restrictions on consumer choice of vehicles" and to, by February 19, "develop and begin implementing action plans to suspend, revise, or rescind all agency actions identified as unduly burdensome . . . as expeditiously as possible and consistent with applicable law." *Id.* at 8,354.

3.    The President's directive plainly applies to the vehicle-emission standards at issue here.  Indeed, as petitioners have explained, EPA's standards are "so stringent that they amount to a *de facto* electric-vehicle mandate, because automakers can meet them only by decreasing production of conventional vehicles and dedicating an increasing percentage of their fleets to electric vehicles or subsidizing the electric-vehicle production of their competitors."  Private Pet. Br. 3; *see, e.g.*, *id.* 24-26.  At a minimum, the standards violate the President's policy of "favor[ing] EVs over other technologies," 90 Fed. Reg. at 8,353, by employing a credit compliance system that provides significant incentives for electric vehicles, *see* Private Pet. Br. 13 (citing 40 C.F.R. § 86.1866-12(a)); 40 C.F.R. § 86.1866-12(c).  Accordingly, it is

undisputed that to comply with the President's order, EPA will need to review the standards at issue in this case to determine whether they "impose an undue burden" on the use of domestic energy resources or consumer vehicle choice. 90 Fed. Reg. at 8,353.

4.    The Executive Order directing review of the action at issue here is a substantial new development that warrants holding this litigation in abeyance. After EPA reevaluates the standards, the positions taken by the agency in this litigation may no longer reflect its ultimate conclusions. And if the agency reconsiders its approach, the standards at issue here could soon be replaced altogether, thus potentially rendering the present dispute moot. Holding the case in abeyance would thus promote judicial economy and conserve the parties' limited resources for litigation.

5.    Holding this case in abeyance would also be consistent with this Court's past practice. This Court has routinely held cases challenging agency action in abeyance pending an incoming administration's expected reconsideration or change in position with respect to the challenged agency action. *See, e.g.*, *West Virginia* v. *EPA*, D.C. Cir. 15-1363, ECF No. 1673071; *Union of Concerned Scientists* v. *NHTSA*, D.C. Cir. 19-1230, ECF No. 1884115; *North Dakota* v. *EPA*, D.C. Cir. No. 15-1381, ECF Nos. 1673072 &

1688176; *American Petroleum Inst.* v. *EPA*, D.C. Cir. No. 13-1108, ECF No. 1675813. Indeed, NHTSA has moved to hold in abeyance parallel challenges to NHTSA's fuel economy standards—one of which was argued before the same panel of this Court on the same day as this case—in light of the Executive Order. *NRDC* v. *NHTSA*, D.C. Cir. No. 22-1080, ECF No. 2098400; *In re NHTSA*, 6th Cir. No. 24-7001, ECF No. 140.

6. Neither EPA nor the intervenors will be prejudiced by the requested abeyance. The challenged rule, which they are defending, is currently in effect, so delay does not harm them. EPA does not oppose the relief requested. Respondent-intervenors take no position on this motion but reserve the right to respond to petitioners' request.

* * *

For these reasons, petitioners respectfully request that the Court hold this case in abeyance until 30 days after the conclusion of the agency's review and any resulting agency action, with motions to govern further proceedings due upon the expiration of that period.[2]

---

[2] Petitioners are willing to provide status updates to the Court, including upon the issuance of any agency action that impacts this litigation.

Dated: February 6, 2025

Respectfully submitted,

/s/ Jeffrey B. Wall

MICHAEL B. BUSCHBACHER
JAMES R. CONDE
BOYDEN GRAY PLLC
801 17th Street NW, Suite 350
Washington, DC 20006
(202) 955-0620
mbuschbacher@boydengray.com

*Counsel for Clean Fuels
Development Coalition, ICM, Inc.,
Illinois Corn Growers Association,
Indiana Corn Growers
Association, Kansas Corn Growers
Association, Kentucky Corn
Growers Association, Michigan
Corn Growers Association,
Missouri Corn Growers
Association, and Valero Renewable
Fuels Company, LLC*

JEFFREY B. WALL
MORGAN L. RATNER
SULLIVAN & CROMWELL LLP
1700 New York Avenue NW
Washington, DC 20006
(202) 956-7500
wallj@sullcrom.com

*Counsel for Valero Renewable Fuels
Company, LLC*

BRITTANY M. PEMBERTON
BRACEWELL LLP
2001 M Street NW, Suite 900
Washington, DC 20036
(202) 828-5800
brittany.pemberton@bracewell.com

*Counsel for Valero Renewable
Fuels Company, LLC and
Diamond Alternative Energy,
LLC*

CARTER G. PHILLIPS
DANIEL J. FEITH
JEREMY D. ROZANSKY
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC 20005
(202) 736-8000
cphillips@sidley.com

*Counsel for American Fuel &
Petrochemical Manufacturers and
Energy Marketers of America*

MATTHEW W. MORRISON
PILLSBURY WINTHROP SHAW
PITTMAN LLP
1200 17th Street NW
Washington, DC 20036
(202) 663-8036
matthew.morrison@pillsburylaw.com

*Counsel for Iowa Soybean
Association, Minnesota Soybean
Growers Association, South Dakota
Soybean Association, and Diamond
Alternative Energy, LLC*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), I hereby certify that this motion complies with the requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it was prepared in 14-point font using a proportionally spaced typeface. This motion also complies with the requirements of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 922 words.

s/ Jeffrey B. Wall
JEFFREY B. WALL

February 6, 2025