ARGUED SEPTEMBER 14, 2023
No. 22-1031 (and consolidated cases)

# In the United States Court of Appeals for the District of Columbia Circuit

STATE OF TEXAS, ET AL.,
*Petitioners,*

v.

ENVIRONMENTAL PROTECTION AGENCY AND MICHAEL S. REGAN, IN HIS OFFICIAL CAPACITY AS ADMINISTRATOR OF THE U.S. ENVIRONMENTAL PROTECTION AGENCY,
*Respondents,*

ADVANCED ENERGY UNITED, ET AL.,
*Intervenors.*

On Petition for Review from the United States
Environmental Protection Agency
(No. EPA-HQ-OAR-2021-0208)

**RESPONSE TO MOTION TO HOLD IN ABEYANCE OF COMPETITIVE ENTERPRISE INSTITUTE, ANTHONY KREUCHER, WALTER M. KREUCHER, JAMES LEEDY, MARC SCRIBNER, AND DOMESTIC ENERGY PRODUCERS ALLIANCE**

Devin Watkins
COMPETITIVE ENTERPRISE INSTITUTE
1310 L Street, NW
Washington, DC 20005
(202) 331-1010
devin.watkins@cei.org

*Counsel for Competitive Enterprise Institute, Anthony Kreucher, Walter M. Kreucher, James Leedy, Marc Scribner, and Domestic Energy Producers Alliance*

Petitioners Competitive Enterprise Institute, Anthony Kreucher, Walter M. Kreucher, James Leedy, Marc Scribner, and Domestic Energy Producers Alliance (collectively "Opposing Petitioners") respectfully oppose the other Petitioners' motion to hold this case in abeyance.

Opposing Petitioners brought this legal action because the Environmental Protection Agency (EPA) lacks legal authority to issue fleet-wide (rather than per-vehicle) automobile emission standards with credit trading and enhanced credits for electric vehicles. Complaint, *Competitive Enterprise Institute v. EPA*, Case No. 22-1032.

President Trump's Executive Order 14154, titled "Unleashing American Energy," appears to recognize that the rule at issue in this case is effectively an "electric vehicle (EV) mandate." 90 FR 8353, Unleashing American Energy (Jan. 20, 2025). It states that it is the policy of the United States to:

> (e) to eliminate the "electric vehicle (EV) mandate" and promote true consumer choice, which is essential for economic growth and innovation, by removing regulatory barriers to motor vehicle access; by ensuring a level regulatory playing field for consumer choice in vehicles; by terminating, where appropriate, state emissions waivers that function to limit sales of gasoline-powered automobiles; and by considering the elimination of unfair subsidies and other ill-conceived government-imposed market distortions that favor EVs over other technologies and effectively mandate their purchase by

1

> individuals, private businesses, and government entities alike by rendering other types of vehicles unaffordable.

*Id.*. Opposing Petitioners have always maintained that this was an effective electric vehicle mandate even when EPA had, prior to Executive Order 14154, disagreed. Executive Order 14154 requires agencies such as EPA to review agency actions inconsistent with the policy expressed in Executive Order 14154 and to "develop and begin implementing action plans to suspend, revise, or rescind all agency actions identified as unduly burdensome under subsection (a) of this section, as expeditiously as possible and consistent with applicable law." *Id.*

Based on this Executive Order, Opposing Petitioners believe EPA is likely to revise and substantially improve the rule at issue in this case. But there is nothing in the Executive Order that even suggests that EPA will reconsider the lawfulness of EPA's authority for which Opposing Petitioners brought this legal action—EPA's legal authority to issue fleet-wide automobile emission standards with credit trading.

Five of the six Opposing Petitioners, the Competitive Enterprise Institute, Anthony Kreucher, Walter M. Kreucher, James Leedy, and Marc Scribner, have been in near constant litigation with EPA over the lawfulness of its auto emission rules for almost five years (although

involving other issues at times). To date, they have not had any resolution of the legality of EPA's actions. Instead, their case was held in abeyance until it was dismissed as moot, just as is being proposed now.

Opposing Petitioners recognize that this new administration may not agree with the prior administration about the lawfulness of EPA issuing fleet-wide (rather than per-vehicle) average automobile emission standards with credit trading when no statutory authority exists for such rules. Opposing Petitioners wish to allow the government to reconsider the scope of their challenged lawful authority.

For that reason, if the government indicates, in its response or otherwise, that it intends to reconsider the lawfulness of EPA issuing fleet-wide average (rather than per-vehicle) automobile emission standards and its authority to allow credit trading, Opposing Petitioners would not oppose abeyance. This would allow the new administration to reconsider the legal issues for which Opposing Petitioners brought this case.

Without such an indication that EPA intends to at least reconsider the legal authority being challenged, there is little point to an abeyance.

It would only extend or restart the litigation without resolution of EPA's legal authority.

## CONCLUSION

Opposing Petitioners ask this Court to deny the motion unless EPA indicates that it intends to reconsider the lawfulness of EPA issuing fleet-wide (rather than per-vehicle) average automobile emission standards and its authority to allow credit trading.

Respectfully submitted,

February 7, 2024

*/s/ Devin Watkins*
Devin Watkins
COMPETITIVE ENTERPRISE INSTITUTE
1310 L Street, NW
Washington, DC 20005
(202) 331-1010
devin.watkins@cei.org

*Counsel for Competitive Enterprise Institute, Anthony Kreucher, Walter M. Kreucher, James Leedy, Marc Scribner, and Domestic Energy Producers Alliance*

## CERTIFICATE OF COMPLIANCE

This brief complies with Federal Rule of Appellate Procedure 27 (d)(2) because it contains 633 words.

This brief also complies with the requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it was prepared in 14-point font using a proportionally spaced typeface.

/s/ Devin Watkins
Devin Watkins

February 7, 2024

# CERTIFICATE OF SERVICE

I hereby certify that, on this 6th day of February, 2025, I electronically filed the foregoing brief with the Clerk for the United States Court of Appeals for the District of Columbia Circuit using the appellate CM/ECF system. I certify that service will be accomplished by the CM/ECF system for all participants in this case who are registered CM/ECF users.

s/ Devin Watkins<br>
Devin Watkins

February 7, 2024